**In re Judith Ann SHIELDS, Debtor.**

**Bankruptcy No. 86–00438.**

United States Bankruptcy Court, District of Columbia.

Feb. 7, 1988.

## MEMORANDUM

GEORGE F. BASON, Jr., Bankruptcy Judge.

A lift-stay motion was filed by Federal Home Loan Mortgage Corp. ("Federal") in this case. That motion was filed in disregard of the explicit provisions of paragraph 3 of this Court's September 29, 1986 Order of Confirmation in this case,[1] and

---

1. The full text of Paragraph 3 of the Order of Confirmation is:

   If the Debtor becomes more than one month in default on regular monthly payments which are hereafter to be made by the Debtor directly to any secured creditor, that secured creditor shall promptly file a notice of such defaults in this Court, and send copies of such notice to the Debtor, the Debtor's attorney, and the Chapter 13 Trustee. That Notice shall include a statement of the total amount of post-confirmation arrears and the amount of the regular monthly

despite the clear language of this Court's October 3, 1986 cover letter sent to Federal's counsel enclosing a copy of the Confirmation Order. That letter states:

> "PLEASE NOTE CAREFULLY PARAGRAPH 3 OF THE ORDER. That paragraph makes it your responsibility to notify the Court promptly if the Debtor(s) default by more than one regular monthly payment which falls due hereafter."

Notwithstanding Federal's noncompliance, the Chapter 13 Trustee's office has treated the motion as a notice of default and has already implemented the provisions of paragraph 3 of this Court's Order of Confirmation, by increasing plan payments from $250 to $790 per month. At approximately the same time as this action by the Trustee, however, a proposed consent order was submitted to this Court, signed by counsel for the Debtor and for Federal. This Court declines to approve the proposed consent order and instead approves and ratifies the Trustee's increase in plan payments both because the proposed consent order is "the fruit of the poisonous [lift-stay-motion] tree" and because the best interests of this estate will be served by allowing the Debtor to stretch out payments to cure her default over the entire life of the Plan, rather than requiring larger total monthly payments over a shorter

time period. The likelihood of the Plan's ultimate success will thus be increased.

payment. Within ten days after the date of mailing of that Notice, the Debtor must file in writing in this Court, with copies to the secured creditor and the Chapter 13 Trustee (1) proof that there were no defaults (which may consist of cancelled checks showing timely payment) or (2) proof that the defaults are cured (which may consist of cancelled checks showing late payment) or (3) proof (such as a doctor's or employer's certificate of temporary illness or temporary suspension of employment) that there has been a change in the Debtor's circumstances which justifies modifying the Plan so as to provide for later cure, together with a motion to modify the Plan pursuant to 11 U.S.C. Section 1329. If the Debtor does one of these three things, the Court will determine what order to issue, either with or without holding a hearing. If the Debtor fails to do any of these three things, then the Trustee shall forthwith either direct the Debtor's employer or other source of funding to increase deductions or else submit to the Court, and the Court may sign without further hearing, a revised order to the employer or

other source of funding, increasing for the remaining life of the Plan the amount of automatic deductions (a) so as to cure the post-confirmation defaults, (b) so as to include regular monthly payments within the Plan, through the Trustee, and (c) so as to pay additional commissions and expenses to the Trustee based on the additional amounts to be paid to the secured creditor within the Plan. If necessary for feasibility the Court may on request of the Trustee extend the term of the Plan up to the maximum period allowed by law, and the Debtor's failure to file a written objection within ten days after the date of mailing of the Trustee's request may be deemed to be equivalent to a request by the Debtor for court approval of a period of up to five years. The Trustee's request may be in the form of a proposed order. The Plan will thereupon by that order and without further order be amended and as amended confirmed. If the secured creditor fails to promptly file and serve a notice of the Debtor's post-confirmation defaults, the Court may treat the secured creditor's inaction as a waiver of its right.